**UNITED STATES of America,
Appellee,**

v.

**Richard BELL, Appellant.**

**No. 02–2761.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 5, 2002.

Filed: Nov. 15, 2002.

**605**

David M. Ketchmark, Asst. U.S. Atty., Kansas City, MO (Todd P. Graves, on the brief), for appellee.

Before HANSEN, Chief Judge, BEAM and RILEY, Circuit Judges.

PER CURIAM.

After Richard Bell pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court [1] sentenced him to eighty-four months in prison and three years of supervised release. Bell renews on appeal the objection he raised below: that his offense level should not have been enhanced under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2001) for possessing the firearm in connection with another felony offense. For the reasons discussed below, we affirm.

The unobjected-to facts in the presentence report show that, when authorities executed a search warrant at Bell's apartment, he was lying on the bed in the bedroom. A loaded revolver was recovered from beneath the mattress he was lying on, and a quantity of slightly more than two grams of cocaine base was found with rolling papers in a pair of shorts on the bedroom floor. Bell does not dispute that his possession of the cocaine base constitutes another felony offense.

We review for clear error the district court's finding as to Bell's purpose in possessing the firearm, *see United States v. Chavarria–Cabrera*, 272 F.3d 1049, 1050 (8th Cir.2001), and we conclude that the district court did not clearly err in finding that Bell possessed the revolver in connection with his possession of the cocaine base, *see United States v. Martinez*, 258 F.3d 760, 761–62 (8th Cir.2001) (a de-

Travis D. Poindexter, Asst. Fed. Public Defender, Kansas City, MO (Raymond C. Conrad, on the brief), for appellant.

1. The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

fendant's simultaneous possession of a firearm and a personal-use quantity of drugs, or the proximity of the firearm to the drugs, supports a § 2K2.1(b)(5) enhancement because the defendant has the potential to use the firearm to protect himself or his drugs).

Accordingly, we affirm the judgment of the district court.