# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3343

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Craig D. Marks, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 15, 2003

Filed:  May 19, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.

_____

BEAM, Circuit Judge.

Craig D. Marks appeals the sentence imposed by the district court[1] following his guilty plea to a charge of being a felon in possession of a firearm.  We affirm.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

## I.  BACKGROUND

On February 24, 2000, Detective John Blakely of the Sikeston, Missouri, police force helped execute arrest warrants for Marks and Roger Johnson, who were both suspects in an armed robbery investigation.  Blakely received information that both suspects were gambling at a house on Ruth Street in Sikeston and were armed with pistols.  He and several other officers drove there to arrest Marks and Johnson.  When the officers arrived, Blakely got out of the car, identified himself as a police officer, and told Johnson and Marks they were under arrest.  Blakely was about three feet away from the men at this point and made the remarks in a loud voice.  Johnson and Marks immediately fled in different directions, and Johnson was captured after a short distance.  Blakely pursued Marks into a residence at 904 Ruth Street.[2]  At the sentencing hearing, Blakely testified as follows:

> As he was running through, I saw him pull a black pistol from his waistband.  I then took cover.  I heard what I believed to be a round being chambered, because after the years of experience we have shot and qualified several times, I heard a slap, which is usually the slide going back towards the front.  At that time, I retreated to cover and waited for assistance.  And then myself and Sergeant Rocket went into the kitchen area, where I found a black pistol laying [sic] on the ground, with a round stuck in the chamber.  And Mr. Marks was not in the residence.  He apparently went out the back door.

The primary issue at sentencing was whether Marks should be assessed a four-level increase in his base offense level under United States Sentencing Guidelines Manual § 2K2.1(b)(5)[3] ("U.S.S.G.") for using the firearm in connection with another

---

[2]It is clear that Marks did not live at 904 Ruth Street.

[3]The guideline provides: "If the defendant used or possessed any firearm . . . in connection with another felony offense . . . increase [the base offense level] by 4 levels."  U.S.S.G. § 2K2.1(b)(5).

felony. Marks admitted at the sentencing hearing that he did flee through the house upon the officers' arrival. However, he stated that he did not reach for his pistol or chamber a round in the kitchen. He stated that he slipped on the kitchen floor as he ran through, and at that point he drew the pistol and tossed it aside. He admitted that there was a live round in the chamber when he entered the house, but he could not explain why a round had jammed in the pistol. Nor could Marks explain why the slide was open when Blakely found the pistol.

Marks pled guilty to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The focus of the testimony at the sentencing hearing was determining whether Marks committed another felony–resisting arrest by means other than flight, a felony under Missouri law. Mo. Rev. Stat. § 575.150.4 (2000). The district court found that Marks had used the firearm in connection with felony resisting arrest by means other than flight, and enhanced his base offense level by four levels pursuant to U.S.S.G. § 2K2.1(b)(5). Marks was sentenced to a seventy-eight month term of imprisonment.

## II.    DISCUSSION

A district court's finding that a defendant used or possessed a firearm in connection with another felony offense is reviewed for clear error. United States v. Fredrickson, 195 F.3d 438, 440 (8th Cir. 1999). A finding is "clearly erroneous" when, after reviewing the entire evidence, the court is left with the firm conviction that a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). As an appellate court, we give due deference to the district court's application of the guidelines to the facts. United States v. Ross, 210 F.3d 916, 925 (8th Cir. 2000).

The district court must find by a preponderance of the evidence that Marks used or possessed the firearm in connection with another felony. See United States

v. Malbrough, 922 F.2d 458, 464 (8th Cir. 1990) (holding that district court should apply preponderance of evidence standard in sentencing determinations). Furthermore, possession of a firearm contemporaneously with the commission of another felony offense requires a four-level enhancement unless it is "'clearly improbable'" that the firearm was used in connection with that felony. United States v. Linson, 276 F.3d 1017, 1018 (8th Cir. 2002), quoting U.S.S.G. § 2D1.1 (n.3).

Marks argues that there was insufficient evidence that he committed another felony. The fighting issue is whether Marks resisted arrest through flight, which is a misdemeanor, or by means other than flight, which is a felony. Mo. Rev. Stat. § 575.150(4).[4] The government argues that Marks' actions of drawing the pistol and then attempting to load it are two separate acts which would support the felony theory.

We agree with the district court's conclusion that there was a preponderance of the evidence that Marks committed felony resisting arrest. It is clear under these facts that Marks resisted arrest by displaying the pistol because Blakely stopped pursuit once the pistol was brandished. Had Marks simply run through the house, he likely would have been caught. Accordingly, we find that it is not clearly improbable that the firearm was used in connection with the contemporaneous felony.

Marks points to apparent inconsistencies in Blakely's testimony at the sentencing hearing and argues that this makes Blakely an unreliable witness. The district court obviously credited Blakely's testimony, a finding which is "virtually unreviewable on appeal." United States v. Sarabia-Martinez, 276 F.3d 447, 450 (8th Cir. 2002).

---

[4]We note that the current version of section 575.150 would quickly dispose of this issue. It reads: "Resisting or interfering with an arrest for a felony is a class D felony." Mo. Rev. Stat. § 575.150.5 (Cum. Supp. 2003)

## III.   CONCLUSION

We affirm the district court.

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.