# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2871

_____

United States of America,     *

       *

     Appellee,     *

       *     Appeal from the United States

     v.     *     District Court for the

       *     Western District of Missouri.

Harold Glenn Agee, also known     *

as Buck Agee,     *     [PUBLISHED]

       *

     Appellant.     *


_____

Submitted: February 12, 2003
Filed: June 25, 2003

_____

Before HANSEN,[1] Chief Judge, LOKEN and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

Harold Glenn Agee pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Over his objection, the district court[2] found

_____

[1] The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

[2] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

that he had possessed the firearm in connection with another felony offense, see U.S. Sentencing Guidelines Manual § 2K2.1(b)(5), raising his total offense level (after other enhancements and reductions not relevant to this appeal) from 13 to 17. Over Agee's opposition, the court determined that his Category III criminal history underrepresented his past crimes and his likelihood for recidivism, see USSG § 4A1.3, and departed upward to Category V. This upward departure raised Agee's Guidelines imprisonment range from 30-37 months to 46-57 months. The court imposed a sentence of 48 months in prison and 3 years of supervised release. Agee now appeals his sentence, which we affirm for the reasons discussed below.

I.

Agee's offense is described as follows in the written plea agreement and the unobjected-to portions of the presentence report. Police were about to execute a search warrant at Agee's residence--a suspected methamphetamine laboratory--when they saw him leave the residence on a bicycle. When they stopped him, he spun around, reached into the waistband of his pants, and discarded something that landed with a "clanking sound" in the grass. Police took Agee into custody and recovered a loaded .38-caliber handgun from the grass. They returned to his residence and seized trace amounts of methamphetamine and other drugs, drug-use paraphernalia, a recipe for manufacturing methamphetamine, and materials used to produce methamphetamine. Agee admitted that he was a daily user of methamphetamine.

We review for clear error the district court's finding as to Agee's purpose for possessing the firearm. See United States v. Bell, 310 F.3d 604, 605 (8th Cir. 2002). The enhancement must be imposed unless it is clearly improbable that he possessed the firearm in connection with another felony offense. See United States v. Linson, 276 F.3d 1017, 1018 (8th Cir. 2002). We agree with the district court that, although police took Agee's firearm from him outside of his residence, it is reasonable to infer that he had possessed the gun during prior drug activities inside the residence.

Regardless of whether those activities were manufacturing or simple possession and consumption, the enhancement was proper. <u>See</u> <u>Bell</u>, 310 F.3d at 606 (even when defendant possesses firearm around personal-use quantity of drugs, there is potential for him to use gun to protect himself or his drugs).

## II.

It is undisputed that Agee was convicted in 1975 for grand stealing, in 1975 for uttering a no-account check, in 1977 for selling methamphetamine, in 1980 for third-degree property destruction, in 1980 for selling methamphetamine, and in 1981 for stealing. He was not assessed criminal history points for these convictions due to their age, <u>see</u> USSG § 4A1.2(e), receiving only 5 points for more recent convictions. Had Agee received criminal history points for the older convictions, his criminal history category would have been VI rather than III.

Prior to the enactment of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today (PROTECT) Act of 2003, Pub. L. No. 108-21, 117 Stat. 650 (2003), we would have reviewed the district court's upward departure under the unitary abuse-of-discretion standard described in <u>Koon v. United States</u>, 518 U.S. 81, 98-100 (1996). Section 401(d) of the PROTECT Act, however, requires us to consider de novo if the factor upon which the district court based its departure "(i) does not advance the objectives set forth in section 3553(a)(2);[3] or (ii) is not

---

[3] The objectives are "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

authorized under section 3553(b);[4] or (iii) is not justified by the facts of the case." Because we would affirm the district court's upward departure in this case under either standard of review, we may assume without deciding that there is no legal barrier preventing Congress from changing the standard of review and then applying that new standard to a pending appeal.

The Guidelines expressly permit a district court to depart upward on the basis of convictions that are too old to receive criminal history points either if the offenses are similar to the instant criminal conduct or if they are dissimilar but serious offenses. See USSG § 4A1.2, comment. (n.8); United States v. Washington, 109 F.3d 459, 462 (8th Cir. 1997). Agee's prior convictions for selling methamphetamine were properly taken into account because they are serious and relate to his relevant conduct in the instant offense. The district court also properly took into account Agee's remaining convictions for stealing, uttering a no-account check, and property destruction because even offenses which are minor and dissimilar to the instant crime may serve as evidence of the likelihood of recidivism if they evince the defendant's incorrigibility. See United States v. Levi, 229 F.3d 677, 679 (8th Cir. 2000). In viewing Agee's string of crimes from 1974 through 2001 as a whole, the district court could reasonably infer that no previous sanction had been effective in stopping him from committing crimes. Thus, under either standard of review, we find no error in the district court's decision to depart upward by 11 months in sentencing Agee.

III.

For the reasons discussed above, we affirm the judgment of the district court.

---

[4] A district court may depart from the Guidelines range only if it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.