# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3461

_____

United States of America,     *
          *
    Appellee,         *
          *     Appeal from the United States
    v.            *     District Court for the
          *     District of South Dakota.
Edmund Louis Long Turkey,     *
          *        [PUBLISHED]
    Appellant.        *

_____

Submitted: May 13, 2003
Filed: September 9, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

Edmund Louis Long Turkey pleaded guilty to aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a) (2000). Over his objections, the district court[1] enhanced his offense level by two levels for causing serious bodily injury to the victim, pursuant to U.S. Sentencing Guidelines Manual § 2A3.1(b)(4)(B) (2001), and by two levels for restraining the victim, pursuant to USSG § 3A1.3. Combined with

_____

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

a Category III criminal history, this produced a Guidelines imprisonment range of 188-235 months. Over Long Turkey's objection, the court departed upward to a Guidelines imprisonment range of 235-293 months and imposed a sentence of 293 months in prison and five years of supervised release.

On appeal, Long Turkey challenges the enhancements and the departure. For the reasons discussed below, we affirm the judgment of the district court.

## I. The offense

On April 4, 2002, Long Turkey spent an evening drinking alcoholic beverages with friends and acquaintances at his trailer. One of his guests was Esther Flute, a forty-one-year-old woman who eventually passed out on Long Turkey's bed. After most of the remaining guests left, Long Turkey went to the bedroom, undressed Flute, and initiated sexual activity. Flute woke up and told Long Turkey to stop, but he did not comply.

Long Turkey held Flute down by her arms and hair and told her not to move. He forced his entire hand inside her vagina and punched her in the stomach with his other hand. When Long Turkey removed his hand from Flute's vagina, it was bloody. He then attempted to shove his entire hand into her rectum but could only fit several fingers. Long Turkey proceeded to have penile-vaginal intercourse with Flute while periodically pushing and pulling her around the bed and inserting his fingers into her rectum. The assault lasted approximately three hours and made Flute fear for her life. She brought an end to the episode by telling Long Turkey that they should buy some more wine, causing him to leave the trailer and giving her an opportunity to wake the remaining guests and leave with them.

Flute was examined at a hospital and was kept overnight for observation and treatment. Medical personnel repaired a laceration to her rectum and observed that

2

she had pain in her abdomen and bruising to her scalp. Police recovered items containing blood and semen from Long Turkey's trailer. He eventually confessed to sexually abusing Flute. Long Turkey admitted that he held her down, ignored her pleas for him to stop, and had penile-vaginal intercourse with her three times. He acknowledged inserting his fingers into her rectum and his hand into her vagina in order to excite himself because he was having difficulty maintaining an erection due to his level of intoxication.

## II. The offense-level enhancements

At sentencing, the district court determined that Long Turkey should receive a two-level serious-bodily-injury enhancement under § 2A3.1(b)(4)(B) for the physical harm he inflicted on Flute and a two-level victim-restraint enhancement under § 3A1.3 for holding her down. Long Turkey challenges each enhancement.

We begin with the § 2A3.1(b)(4)(B) enhancement, reviewing for clear error the district court's determination that Flute suffered serious bodily injury. See United States v. Evans, 285 F.3d 664, 673 (8th Cir. 2002) (standard of review), cert. denied, 123 S. Ct. 1257 (2003). "'Serious bodily injury' means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG § 1B1.1, comment. (n.1(i)). When the crime is sexual abuse, however, "'serious bodily injury' means conduct other than criminal sexual abuse, which already is taken into account in the base offense level." USSG § 2A3.1, comment. (n.1). This does not mean that any injuries resulting from an episode of criminal sexual abuse are excluded--only that the act of sexual abuse is insufficient by itself to support a § 2A3.1(b)(4)(B) enhancement. See United States v. Guy, 282 F.3d 991, 996-97 (8th Cir. 2002).

3

The undisputed facts showed that Flute suffered a rectal laceration which needed to be repaired at the hospital, that she compared the pain of having Long Turkey's fist in her vagina to the pain of giving birth, that her scalp was bruised by him restraining her by her hair, and that she was hospitalized overnight. We find no clear error in the district court's determination that these injuries, separately or together, constitute serious bodily injury. Flute's description of the agony she experienced when Long Turkey forced his hand into her vagina qualifies as "extreme physical pain" within the meaning of § 1B1.1, comment. (n.1(i)). Her overnight hospitalization qualifies as "medical intervention" within the meaning of that application note. Flute's rectal laceration is akin to types of serious bodily injury we have recognized in aggravated sexual abuse cases. See United States v. Kills in Water, 293 F.3d 432, 436 (8th Cir. 2002) (vaginal and perineal trauma); United States v. Bruguier, 161 F.3d 1145, 1148, 1153 (8th Cir. 1998) (tear to perineum).

Next, we turn to the § 3A1.3 enhancement. We review de novo whether the district court engaged in impermissible double counting. See United States v. Thin Elk, 321 F.3d 704, 707 (8th Cir. 2003) (standard of review). The enhancement would be prohibited if victim restraint was an element of aggravated sexual abuse or if victim restraint was incorporated into the offense Guideline. See USSG § 3A1.3, comment. (n.2). Victim restraint is not an element of aggravated sexual abuse, however, see 18 U.S.C. § 2241(a), and victim restraint is not taken into account by the use-of-force enhancement in the sexual abuse Guideline, see United States v. Alcoren, 929 F.2d 1235, 1247-48 (8th Cir.), cert. denied, 502 U.S. 913 (1991).

The only question, then, is whether the district court wrongfully applied the enhancement based on Long Turkey's conduct of holding Flute down by her arms and hair and pinning her beneath him during intercourse. We see no error of fact or law. See United States v. Waugh, 207 F.3d 1098, 1101 (8th Cir. 2000) (locking doors and pinning victim down with her arms behind her back constituted victim restraint); Alcoren, 929 F.2d at 1246 (placing hand on victim's throat to make her lie on bed,

4

and repeatedly pushing and grabbing victim to prevent her from leaving bedroom, constituted victim restraint).

### III. The upward departure

At sentencing, the district court determined that Long Turkey's criminal history category was III based on one point for a 1994 DWI conviction, three points for a 1996 conviction for abusive sexual contact, and one point for a 1998 DWI conviction. His resulting Guidelines imprisonment range was 188-235 months. Long Turkey received no criminal history points for a long list of other state and tribal charges and convictions. The district court departed upward to Category V under USSG § 4A1.3, p.s.,[2] concluding that Category III underrepresented the seriousness of Long Turkey's past crimes and his likelihood of recidivism. This produced a Guidelines range of 235-293 months, and the court sentenced Long Turkey at the top of that range.

Under the PROTECT Act of 2003, we review de novo whether the district court based its departure on a permissible factor, we review for clear error the factual findings supporting its departure, and we review for abuse of discretion the reasonableness of its departure.[3] See United States v. Flores, 336 F.3d 760, 763 (8th Cir. 2003). A defendant's underrepresented criminal history and likelihood of recidivism is a permissible basis for departure, see id., and there is no factual dispute

---

[2] The district court gave additional reasons why the upward departure was justified under USSG §§ 5K2.0 and 5K2.8, p.s., but we need not reach these grounds because § 4A1.3 is an independently adequate basis for departure.

[3] The PROTECT Act was enacted while Long Turkey's appeal was pending. Because we would affirm the district court's upward departure in this case under either the Act's new standard of review or the pre-Act unitary abuse-of-discretion standard of review, we may assume without deciding that Congress may require the Act's new standard of review to be applied to pending appeals. See United States v. Agee, 333 F.3d 864, 867 (8th Cir. 2003).

as to the following aspects of Long Turkey's criminal history relied on by the district court.

Long Turkey received no criminal history points for several South Dakota convictions--including a 1975 conviction for burglary, a 1977 conviction for possessing a controlled substance, two 1978 convictions for DWI, and a 1988 conviction for DWI--because they were too old under USSG § 4A1.2(e). Convictions that do not receive criminal history points due to their age may nonetheless be used to support an upward departure either if they are similar to the instant criminal conduct or if they are dissimilar but serious offenses. See USSG § 4A1.2, comment. (n.8); Agee, 333 F.3d at 867. The district court properly took into account Long Turkey's trio of DWI convictions and his conviction for drug possession as conduct similar to his alcohol-fueled sexual abuse of Flute. See United States v. Goings, 200 F.3d 539, 542-43 & n.3 (8th Cir. 2000) (defendant's prior convictions for DWI and drug possession were similar to his instant offense of involuntary manslaughter by intoxicated use of motor vehicle in that they showed he had failed to address his serious and longstanding substance-abuse problem). Long Turkey's burglary conviction was properly taken into account as dissimilar but serious conduct.

Nor did Long Turkey receive any criminal history points for several tribal convictions, including a 1992 conviction for public intoxication and two 1994 convictions for DWI. The district court was entitled to use the tribal convictions to support the departure, see USSG § 4A1.3(a); United States v. Waugh, 207 F.3d 1098, 1102 (8th Cir. 2000), and did so properly in this case because these convictions buttressed the conclusion that Long Turkey had been drinking to excess and breaking the law for a long time without concern for the consequences. Even a minor offense like public intoxication can be considered when, as here, it is part of a pattern showing a defendant's incorrigibility. See Agee, 333 F.3d at 867.

6

Finally, the district court found that Long Turkey's 1996 conviction for abusive sexual contact, for which he received a two-year sentence and was assessed three criminal history points, understated the seriousness of his actual criminal conduct. In that incident, Long Turkey raped a fifteen-year-old girl, at one point restraining her by placing his knees on her arms to hold her down on the bed. The Guidelines authorize an upward departure when a defendant has previously received a very lenient sentence for a serious offense. See U.S.S.G. § 4A1.3; United States v. Lara-Banda, 972 F.2d 958, 959 (8th Cir. 1992). We agree with the district court that Long Turkey's 1996 sentence was relatively lenient compared to the seriousness of the offense, and that the lenient sentence failed to deter him from restraining and raping Flute a few years later.

In viewing Long Turkey's series of crimes from 1975 through 2002 as a whole, the district court could reasonably infer that no previous sanction had been adequate to punish him and deter him from committing additional crimes. Thus, under either the unitary abuse-of-discretion standard of review or the PROTECT Act's standard of review, we find no error in the district court's decision to depart upward by two criminal history categories and by fifty-eight months in sentencing Long Turkey.

## IV. Conclusion

For these reasons, we affirm the judgment of the district court.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

7