# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 03-2654

_____

United States of America,

        Appellee,

v.

Ture Dontize Morrow,

        Appellant.

Appeal from the United States
District Court for the Northern
District of Iowa.

[UNPUBLISHED]

_____

Submitted: February 10, 2004
Filed: March 2, 2004

_____

Before MORRIS SHEPPARD ARNOLD,  HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ture Morrow was convicted of being a felon in possession of a firearm and of possession of a firearm following a crime of domestic violence, under 18 U.S.C. §§ 922(g)(1) and 922(g)(9). Before trial, the district court[1] denied Morrow's motion to suppress the evidence found in his apartment as the fruit of an illegal search. At sentencing, the district court raised his base offense level by four levels pursuant to

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

U.S.S.G. § 2K2.1(b)(5). Morrow was sentenced to 97 months of imprisonment. On appeal, Morrow challenges the denial of his motion to suppress and the application of the enhancement at sentencing. We affirm.

Morrow argues that the state court-issued search warrant became stale because the officers failed to execute the warrant until about seven days after it was issued, that the search was illegal, and that the fruits of the search, including a firearm, must be suppressed. Viewing the totality of the circumstances, we disagree. See United States v. Gibson, 123 F.3d 1121, 1124-25 (8th Cir. 1997) (standard of review). The seven-day delay did not render stale the information on which the warrant was based. Cf. id. (holding that a four-day delay in executing a search warrant did not render the warrant stale where police had information regarding ongoing drug activity). Iowa Code § 808.8 provides for a ten-day life for search warrants, and between the issuance of the warrant and its execution, another undercover buy occurred on the searched premises. Consequently, the executing officers had no reason to believe the warrant had grown stale.

Morrow also argues that the district court erred in applying the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) because there was insufficient evidence that the handgun found in his apartment was possessed in connection with other felonies. Again, we disagree. We review the district court's factual findings as to Morrow's possession of the firearm for clear error. United States v. Agee, 333 F.3d 864, 866 (8th Cir. 2003). We have held that under § 2K2.1(b)(5), "[t]he enhancement must be imposed unless it is clearly improbable that [the defendant] possessed the firearm in connection with another felony offense." Id.; see also United States v. Regans, 125 F.3d 685, 687 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998). From an examination of the record, we agree that "it is reasonable to infer that he had possessed the gun during prior drug activities inside the residence. Regardless of whether those activities were manufacturing or simple possession and consumption, the enhancement was proper." Agee, 333 F.3d at 866. In Morrow's case, as a

2

previously convicted drug dealer, his simple possession of the marijuana found in the apartment was a felony offense under 21 U.S.C. § 844(a).

Accordingly, we affirm the judgment of the district court.

_____