# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3079

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Everette Laverne Haines, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 2004

Filed: March 30, 2004

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Police received a report that a person driving a motorcycle registered to Everette Laverne Haines had purchased a large quantity of pseudoephedrine, a precursor for the manufacture of methamphetamine. A short time later, an officer drove by Haines's residence, saw the motorcycle in the front yard, and "got a strong smell of ether," an odor associated with drug manufacturing. Based on this information, the officers obtained a warrant to search Haines's home, and seized a sawed-off shotgun during the search. The Government later charged Haines with possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841 & 5861.

After the district court denied his motion to suppress and request for a <u>Franks</u> hearing, Haines pleaded guilty.

On appeal, Haines first contends his motion to suppress should have been granted because the officer's supporting affidavit contained deliberate or reckless falsehoods and omissions in violation of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). According to <u>Franks</u>, the Fourth Amendment requires that a hearing be held at the defendant's request when the defendant makes a substantial preliminary showing that the affiant deliberately or recklessly included a false statement in the warrant affidavit, and that the allegedly false statement is necessary to the finding of probable cause. <u>Id.</u> at 155-56; <u>see</u> <u>United States v. Coleman</u>, 349 F.3d 1077, 1083 (8th Cir. 2003). The district court found Haines failed to make this showing.

Specifically, Haines alleges the warrant affidavit falsely stated an officer had reported Everette Haines, rather than an unknown person, had purchased large quantities of pseudoephedrine. The district court found Haines had not made a substantial preliminary showing that the officer's use of Haines's name was deliberate or made with reckless disregard for the truth. Further, the omission of Haines's name from the affidavit would leave enough probable cause to support the search warrant, since the person who bought the pseudoephedrine was driving a motorcycle registered to Haines and the motorcycle was parked in Haines's yard a short time later. Haines also argues the officer could not reasonably have smelled ether because of the wind's direction that day. He points out no ether was found on his premises. The district court held the mere fact that the Iowa City weather service provided different information than the wind information provided by police radio dispatch was insufficient to make a substantial showing that the officer affirmatively misled the court or recklessly disregarded the truth of whether or not he smelled ether. Having carefully reviewed the record, we see no clear error in the district court's findings. <u>See</u> <u>id.</u> (standard of review). The district court thus properly denied a <u>Franks</u> hearing and Haines's motion to suppress.

-2-

Although Haines's case did not go to trial, he next asserts the district court erroneously refused to instruct the jury on his theory of defense–that he was in the process of making a legal length shotgun when the search was conducted. Haines contends this refusal violated his rights to due process and effective representation under the Fifth and Sixth Amendments. The Government filed a motion in limine seeking to exclude evidence about the length of the gun with the choke attached and Haines's alleged intention to place a choke on the weapon. The district court denied the motion, permitting the evidence to be introduced at trial, but stating it would "probably" instruct the jury the choke is not added to the shotgun's measurement in determining whether it violated the statute, a correct statement under the Bureau of Alcohol, Tobacco and Firearms regulations. We conclude Haines's rights to due process and effective representation were not violated. The district court's order did not impede Haines's ability to present evidence on the issue or to object to the instruction at trial if the district court would have given it, an event no one can say would have happened.

Haines last contends the district court committed error in increasing his base offense level by four under U.S.S.G. § 2K2.1(b)(5) based on the court's finding that Haines possessed the firearm in connection with another felony, possession of drug precursors with intent to manufacture methamphetamine. Haines asserts there was no evidence he was involved in another felony when he possessed the firearm. We review the district court's contrary finding for clear error, and find none. United States v. Marks, 328 F.3d 1015, 1017 (8th Cir. 2003). The Government showed by a preponderance of the evidence that Haines possessed drug precursors with intent to manufacture methamphetamine, see id., a felony under Iowa law. Haines possessed the pseudoephedrine pills, which he had removed from its original packaging and concealed inside a cigarette package. Haines discarded the original packaging away from his residence and misled police about its location. Haines also possessed another precursor–lithium batteries–as well as safety glasses, camouflage clothing, two-way radios, and firearms. Haines also argues there is no evidence he possessed

-3-

the gun in connection with the alleged felony because the gun was inside his residence and the other evidence was on his motorcycle or in his garage. The § 2K2.1(b)(5) increase must be imposed unless it is clearly improbable Haines possessed the firearm in connection with another felony offense. Id.; United States v. Agee, 333 F.3d 864, 866 (8th Cir. 2003). Under the circumstances, the district court correctly found Haines's possessed the firearm in connection with another felony. See Agee, 333 F.3d at 866.

We thus affirm Haines's conviction and sentence.

_____