# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1590

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Stephen A. Curtner, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 15, 2004
Filed: November 23, 2004

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Stephen A. Curtner pleaded guilty to being a felon in possession of a firearm. According to undisputed facts in Curtner's presentence report (PSR), officers learned of an outstanding warrant for Curtner's arrest during the course of stopping him for a traffic violation as he approached a residence under surveillance for drug activity. The officers arrested Curtner and searched his car. Inside the vehicle, they found a sawed-off shotgun, shotgun shells, seventeen plastic bags containing 1.5 grams of methamphetamine, ten unused syringes, and a scale containing methamphetamine residue. Curtner told officers he had used methamphetamine for a couple of years, the seventeen bags of methamphetamine belonged to him, and a friend had given him

the shotgun about a week before his arrest. Curtner explained only that "he had the shotgun because some people were waving guns around friends close to him." Based on these facts, the PSR recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense, i.e., Curtner's drug possession, a felony under Missouri law. Curtner objected to the PSR's recommendation to impose the enhancement, but not to the PSR's recitation of the underlying facts. After a hearing, the district court[*] imposed the enhancement.

On appeal, Curtner asserts imposition of the enhancement violates his due process rights because there was no evidence his possession of the firearm was connected to his drug possession. We review the district court's finding that Curtner possessed the firearm in connection with his drug possession for clear error, and find none. United States v. Bell, 310 F.3d 604, 605 (8th Cir. 2002). Possessing a firearm at the same time as committing a felony drug offense requires a § 2K2.1(b)(5) enhancement "'unless it is clearly improbable that the firearm was used in connection with that felony.'" United States v. Kanatzar, 370 F.3d 810, 815 (8th Cir. 2004) (quoting United States v. Marks, 328 F.3d 1015, 1017 (8th Cir. 2003)). Here, the proximity of the shotgun to the drugs and drug paraphernalia, all found inside Curtner's car, supports the enhancement because Curtner had the potential to use the gun to protect himself or his drugs. See Bell, 310 F.3d at 605-06 (citing United States v. Martinez, 258 F.3d 760, 761-62 (8th Cir. 2001)). The district court was not required to find the shotgun's presence in the car was a coincidence. See Kanatzar, 370 F.3d at 816.

We thus affirm Curtner's sentence.

_____

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.