# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 04-1058

───────────

United States of America,               \*

                               \*

        Appellee,          \*

                               \*   Appeal from the United States

     v.                      \*   District Court for the

                               \*   District of South Dakota.

Jeremie Jay Schwalk,          \*

                               \*

        Appellant.        \*

───────────

Submitted: June 15, 2004
Filed: June 20, 2005

───────────

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

───────────

COLLOTON, Circuit Judge.

Jeremy Jay Schwalk pled guilty to assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1152 and 113(a)(6). The district court[1] departed upward from the applicable sentencing guideline range, which was then treated as mandatory, and imposed a sentence of 60 months' imprisonment. Schwalk appeals, arguing that the district court erred by departing upward from the applicable guideline range, and

───────────

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

after the case was submitted, he raised an additional argument based on *Blakely v. Washington*, 124 S.Ct. 2531 (2004). We affirm.

The undisputed presentence report prepared by the United States Probation Office recounts that on January 16, 2003, Schwalk and his wife took their four year-old son, J.S., to a hospital emergency room in Fort Yates, North Dakota. J.S. was then transferred to a medical center in Bismarck, where doctors diagnosed a broken leg and observed several burns and other injuries on the boy's body. J.S. had burns on the right and left sides of his upper back, on the upperside of his right hand, and on the back of his right thigh. Doctors also found ten to fifteen patches where there was thinning of the "parietal and front scalp" area, multiple "crusted abrasions" of the forehead, an abrasion on the upper lip, and a "healing burn of the right lateral lower lip."

When one of the doctors asked J.S. how he hurt his leg, the boy replied, "Daddy did it," "Daddy kick," and "fell down steps." When the doctor remarked that the injury must have hurt, the boy stated, "I fell off chair." When the doctor asked how he received the burns on his hands, J.S. said, "Trevor did it," "Trevor fight" – an apparent reference to his younger brother. When the doctor remarked that J.S. also had a burn on his leg, the boy stated, "Daddy did it." Six months later, when an interviewer at a child advocacy center in South Dakota asked J.S. who hurt his hands, the boy answered, "Daddy."

The medical summary prepared by the doctors who treated J.S. stated that the broken leg and multiple skin wounds were "secondary to child abuse." One physician commented that "this type of injury is most typical for that suffered as a direct blow," that the burns are "not consistent with [the victim] getting too close to hot equipment," and that there was "no explanation given for the multiple healing, round areas of hair thinning with scarring on his scalp."

Although Schwalk denied in interviews with the FBI that he caused J.S.'s leg fracture, he admitted during a presentence interview with the probation office that he broke the boy's leg. He gave no detailed explanation of the incident. Regarding the burns, Schwalk told the FBI that J.S. received them when he fell back against an oil heating stove after a push by his younger brother. Schwalk said he did not seek medical treatment for the boy because the burns did not appear to be "that bad." Schwalk's wife corroborated these statements.

After Schwalk pled guilty to assault resulting in serious bodily injury, the probation office prepared a report that recommended a guideline sentencing range of 30 to 37 months' imprisonment, based on a total offense level of 18 and a criminal history category of II. The offense level was computed based only on Schwalk's assault causing J.S.'s broken leg; it did not take into account the burns suffered by the boy. Prior to the sentencing hearing, the district court notified the parties that it would consider an upward departure from the guideline sentencing range. The court ultimately determined to depart upward and sentence Schwalk based on a total offense level of 20 and a criminal history category of IV. With a resulting guideline range of 51 to 63 months, the court imposed a sentence of 60 months' imprisonment.

In its written statement of reasons, the court identified three bases for upward departure. First, the court relied on USSG § 5K2.0, which sets forth general grounds for departure, and § 5K2.21, which provides that a court may depart upward to reflect the actual seriousness of the offense based on certain dismissed and uncharged conduct. The court found that Schwalk caused the burns to his son's body, and that this uncharged conduct was not taken into account by the guideline sentencing range. The court "did not believe the burns on the victim were caused by being pushed into a heating stove by his younger brother," and observed that "[w]hen the victim was questioned by a doctor, he responded, 'Daddy did it,' and he made reference to a lighter and the defendant's smoking."

Regarding § 5K2.0, the court concluded that the offense conduct was outside the heartland of typical assault cases governed by USSG § 2A2.2. The court noted that Schwalk's assault was unprovoked, and that the assault guideline included no enhancement for the victim being in the care, custody, or control of the defendant. The court emphasized that the victim, as a young child of the defendant, was considered much more vulnerable "due to the defendant's access to him, the ease in hiding the assaultive conduct, and the difficulty the victim would have in reporting the defendant's assaultive conduct toward him."

Second, the court departed upward based on "extreme conduct," pursuant to USSG § 5K2.8. The court found that the "many extensive burns caused were painful, extensive, and will result in permanent scarring." The court also considered Schwalk's conduct to constitute "gratuitous infliction of injury."

Third, the court cited USSG § 4A1.3 and departed upward on the ground that criminal history category II substantially under-represented the likelihood that Schwalk would commit further crimes. The court found that Schwalk was convicted of a number of motor vehicle offenses that were not counted in his criminal history score, and concluded that "his history demonstrates an ongoing lack of respect for the law." The court also noted that it departed upward based on prior similar conduct not resulting in a conviction, *see* § 4A1.3(a)(2)(E), when it found that Schwalk had caused the burns to the boy's body.

Schwalk was sentenced prior to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), and the district court thus applied the sentencing guidelines in a mandatory fashion. After *Booker*, although the guidelines are effectively advisory, we continue to review on appeal the district court's determinations in calculating the now-advisory guideline range, including a district court's decision to depart from the guideline range in fashioning the advisory guideline sentence. *United States v. Haack*, 403 F.3d 997, 1005 (8th Cir. 2005). We

recently held that after *Booker*, we review legal conclusions *de novo*, findings of fact for clear error, and decisions to depart from the guideline range for abuse of discretion. *United States v. Mashek*, 406 F.3d 1012, 1016-17 (8th Cir. 2005).

Schwalk argues that the vulnerability of the victim, his son, may not serve as the basis for an upward departure, because the court already imposed a two-level adjustment pursuant to § 3A1.1 for knowing that the boy was a "vulnerable victim," which is defined as one who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1, comment. (n.2). The district court here found that:

> someone's child is more than a vulnerable victim because it is easy to hide assaults on your own children. They have no place to go. They would not be able to easily report it and would not report it. They're in the home. And on a daily basis this child is under the control, including for food and every other necessity of life, of this defendant and his wife. And this is a factor that's not taken into account at all in the guidelines for this type of assault resulting in serious bodily injury.

(S. Tr. at 37).

A departure is permissible if the court finds an aggravating circumstance "of a kind, or *to a degree*, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b) (emphasis added). The Commission itself has indicated that punishment in excess of the two-level adjustment under § 3A1.1 may be appropriate in certain cases involving vulnerable victims who have multiple vulnerabilities. For example, if an offense guideline provides an enhancement for age of the victim, then the adjustment under § 3A1.1 may also be applied – and the vulnerability of the victim thus taken into account twice – if "the victim was unusually vulnerable for reasons unrelated to age." USSG § 3A1.1, comment. (n.2). We believe the district court persuasively explained in this case why the vulnerability

-5-

of Schwalk's young son was a circumstance existing "to a degree" not considered by the Sentencing Commission when it promulgated § 3A1.1(b)(1), and we see no abuse of discretion in departing upward from the guideline range on that basis.

Schwalk also asserts that the district court improperly departed upward based on uncharged conduct pursuant to USSG § 5K2.21, because the evidence was not sufficiently reliable to justify the court's conclusion that Schwalk caused severe burns to the body of his son. We disagree. Schwalk did not object to the factual statements in the presentence report (S. Tr. at 22), and he thus admitted the facts contained therein. *United States v. Johnson*, 2005 WL 1250323, at * 4 (8th Cir. May 27, 2005). These facts established that while Schwalk claimed that the burns were caused when the boy's younger brother pushed J.S. into a stove, (PSR ¶ 48), J.S. told a doctor inquiring about his burned leg that "Daddy did it" and appeared to indicate the burns were caused by a cigarette lighter, (PSR ¶ 49), J.S. told an evaluator at a child advocacy center that "Daddy" hurt his hands (PSR ¶ 50), and doctors treating J.S. concluded that "[t]he burns are in multiple locations and are not consistent with [the victim] getting too close to hot equipment." (PSR ¶ 9). The district court found that the burn injuries were "horrendous," and "totally inconsistent with being burned by this stove." (S. Tr. at 32). We conclude that this finding of fact is not clearly erroneous, and that the district court properly relied on the uncharged conduct in fashioning an upward departure.

Schwalk also complains that the district court impermissibly departed upward based on a conclusion that his criminal history category substantially under-represented the seriousness of his criminal history and the likelihood that he would commit further crimes. The district court based its upward departure under § 4A1.3 on Schwalk's long series of convictions for various minor offenses and on his uncharged conduct of causing severe burns to J.S., none of which was counted in establishing his criminal history category.

For the reasons discussed above, we disagree with Schwalk's contention that the evidence was not sufficiently reliable to justify the conclusion that Schwalk caused the burns. We also discern no abuse of discretion in the district court's consideration of Schwalk's history of relatively minor offenses that were not counted in his criminal history score under the guidelines. Between 1996 and 2002, Schwalk sustained three convictions for exhibition driving, four convictions for driving with a suspended license, four convictions or citations for speeding, one citation for a seat belt violation, one citation for no proper license plates on a vehicle, one conviction for disorderly conduct, and four convictions for passing or issuing checks with insufficient funds. The district court aptly observed that Schwalk "has one violation of law after another," (S. Tr. at 33), and we have held that "even offenses which are minor and dissimilar to the instant crime may serve as evidence of likelihood of recidivism if they evince the defendant's incorrigibility." *United States v. Agee*, 333 F.3d 864, 867 (8th Cir. 2003); *see also United States v. Long Turkey*, 342 F.3d 856, 860 (8th Cir. 2003). The district court properly relied on this series of convictions to conclude that Schwalk's criminal history category seriously under-represented the likelihood that he would commit further crimes.

Schwalk argues finally that the district court erred by departing upward pursuant to USSG § 5K2.8 based on "extreme conduct," which the guidelines define as conduct that was "unusually heinous, cruel, brutal, or degrading to the victim." The guideline states that "gratuitous infliction of injury" is exemplary of "extreme conduct." The district court described Schwalk's conduct as "heinous, cruel, and brutal beyond the characteristics associated with the crime of assault resulting in serious bodily injury," (S.Tr. at 38), and found that the conduct involved "gratuitous inflictions of injury." (S. Tr. at 39). The court found that the "many extensive burns caused were painful, extensive, and will result in permanent scarring," (Add. at 9), observed that the four-year-old boy had "no way of defending himself," stated that Schwalk's acts constituted "outrageous conduct," and concluded that "if this case doesn't justify an upward departure, I don't know what case would." (S. Tr. at 39).

We conclude that the record amply supports the district court's finding of extreme conduct, and there was no abuse of discretion in departing upward on this basis.

In a filing pursuant to Fed. R. App. P. 28(j), Schwalk cited the Supreme Court's decision in *Blakely* and offered to file a supplemental brief. Since then, the Supreme Court decided *Booker*, which declared that the sentencing guidelines are effectively advisory, and directed the district courts to impose sentence after considering all of the factors set forth in 18 U.S.C. § 3553(a). Schwalk raised no objection at sentencing based on the Sixth Amendment or the application of mandatory guidelines, and we conclude that the record does not establish plain error warranting relief. *See United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005). As discussed, the district court departed upward from the otherwise applicable guideline sentencing range, and we find nothing in the record establishing a reasonable probability that the court would have imposed a more favorable sentence under the advisory guideline scheme announced in *Booker*. *Id.* at 553.[2]

The judgment of the district court is affirmed.

_____

---

[2]Schwalk has not filed any supplemental argument or request for leave to make supplemental argument in light of *Booker*, and he has not urged that the sentence imposed is unreasonable with regard to 18 U.S.C. § 3553(a). As discussed, we believe the sentence is consistent with the now-advisory guidelines, and we do not think it is unreasonable.