# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

04-1560

_____

United States of America,                  *
                                           *
            Appellee,                       *
                                           *   Appeal from the United States
      v.                                    *   District Court for the
                                           *   Western District of Missouri.
Timmey Dean Hale,                           *
                                           *   [UNPUBLISHED]
            Appellant.                      *

_____

Submitted: November 5, 2004
     Filed: July 13, 2005 (Corrected: 07/19/05)

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a plea agreement with the United States, Timmey Dean Hale pled guilty to one count of unlawful possession of a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). For purposes of the United States Sentencing Guidelines, the parties stipulated to a base offense level of 14, with a two-level increase under USSG § 2K2.1(b)(4) for possession of a stolen firearm, and a four-level increase under USSG § 2K2.1(b)(1)(B) for possession of 8-24 firearms.

The United States Probation Office prepared a presentence report ("PSR"). In addition to the adjustments addressed in the plea agreement, the PSR recommended

a four-level increase under USSG § 2K2.1(b)(5) for possession of a firearm in connection with the offense of possession of methamphetamine. Hale objected to this adjustment, arguing that he had not possessed the firearms "in connection with" the other offense. At sentencing, the district court[1] overruled Hale's objection and arrived at a total offense level of 21, which resulted in a sentencing range of 37 to 46 months' imprisonment. The court then sentenced Hale at the low end of that range.

On appeal, Hale renews his challenge to the enhancement under USSG § 2K2.1(b)(5), arguing that the district court clearly erred in finding that he possessed a firearm "in connection with" another felony offense. He also moves for leave to file a supplemental brief arguing that his sentence violates his Sixth Amendment rights based on the reasoning of *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

Hale's argument regarding the district court's application of USSG § 2K2.1(b)(5) is unpersuasive. In order to be possessed "in connection with" an offense, a firearm need only have "some purpose or effect with respect to, and must facilitate, or have the potential of facilitating, another felony offense" such that "its presence or involvement cannot be the result of accident or coincidence." *See United States v. Regans*, 125 F. 3d 685, 686 (8th Cir. 1997) (internal quotation omitted). Hale admitted that he had been using and selling methamphetamine, and that officers found methamphetamine in his kitchen and bedroom, numerous methamphetamine precursors in his kitchen, and several firearms, one of which was stolen, in his living room. Hale also admitted that when he was stopped by police in October 2002, he had with him a stolen shotgun and a user amount of methamphetamine. These admitted facts are sufficient to justify the court's imposition of the enhancement. *See United States v. Bell*, 310 F.3d 604, 605-06 (8th Cir. 2002) (per curiam) (upholding application of § 2K2.1(b)(5) where firearm was found under mattress and near

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

cocaine base, because defendant potentially could have used firearm to protect himself or his drugs); *United States v. Letts*, 264 F.3d 787, 791 (8th Cir. 2001) (holding that §2K2.1(b)(5) properly applied where witness told officers that methamphetamine lab on defendant's property belonged to defendant, and defendant had firearms and containers with user amounts of methamphetamine and percursors in garage, because firearms "could have been used to protect the defendant's laboratory and were easily obtainable if necessary"); *Regans*, 125 F.3d at 686 (holding that § 2K2.1(b)(5) enhancement was proper even where the defendant had a firearm and only a quantity of drugs for personal use).

Hale's motion for leave to file a brief in light of *Blakely v. Washington* suggests that he also would argue that the district court's application of mandatory sentencing guidelines, combined with its factual findings concerning his possession of a firearm, was contrary to the Sixth Amendment as applied in *United States v. Booker*, 125 S. Ct. 738, 756 (2005). We deny the motion for supplemental briefing, because we conclude that Hale has waived any claim based on *Booker*.

In his plea agreement, Hale agreed to the following provision in paragraph 10:

> *The defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. The defendant understands and acknowledges that his sentence will be determined and imposed pursuant to those Sentencing Guidelines.* Defendant is aware that a sentence imposed under the Sentencing Guidelines does not provide for parole. *The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines.* However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b),

the defendant is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).

The parties expressly waive the right to appeal or collaterally attack by post-conviction motion any sentencing issue, including the applicability of certain U.S. Sentencing Guidelines provisions, which have been addressed and agreed upon in this Plea Agreement, and which are set forth in paragraph 12. Each party retains the right to appeal only sentencing issues which have not been agreed-upon or which have not been specifically addressed in the Plea Agreement. The defendant expressly waives the right to appeal or collaterally attack by post-conviction motion all other issues.

Hale's agreement "not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines" clearly encompasses his appeal based on *Booker*, as there can be no doubt that a *Booker* claim is a challenge to the constitutionality or legality of the sentencing guidelines as they existed at the time of Hale's sentencing. *See United States v. Parker*, No. 04-3793, 2005 WL 1513135, at *2 (8th Cir. June 28, 2005); *United States v. Amburn*, No. 04-2999, 2005 WL 1412968, at *8 (8th Cir. June 17, 2005). In addition, we agree with the Eleventh Circuit that the general appeal waiver language in the second and fourth sentences of the provision quoted from Hale's plea agreement "is broad enough to include an *Apprendi/Blakely/Booker* claim." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296-97 (11th Cir. 2005) (per curiam) (considering virtually identical language); *see also Parker*, 2005 WL 1513135 at *2; *cf. United States v. Lea*, 400 F.3d 1115, 1116 (8th Cir. 2005) (rejecting government's argument that defendant waived right to appeal based on *Booker*, where plea agreement preserved the defendant's statutory right to appeal any issue not "specifically listed" or "specifically addressed," and the provision asserted to constitute waiver merely stated that certain sentencing guideline provisions would apply, without specifically addressing the issue of mandatory or advisory application of the guidelines).

Hale's waiver of his right to appeal was knowing and voluntary. The written plea agreement describing the waiver was signed by Hale and his attorney. The district court ensured that the waiver was knowing and voluntary by specifically reviewing paragraph 10 of the plea agreement with Hale at his change of plea hearing, and by gaining Hale's acknowledgment that he understood the appeal waivers. (Plea Tr. at 6-7). *See United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (en banc) ("One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal.").

Knowing and voluntary appeal waivers generally are enforceable, subject only to an exception where enforcement would result in a "miscarriage of justice." *Id.* at 891. Hale's sentence was within the statutory range for the offense of conviction, and it therefore does not constitute a "miscarriage of justice" within the meaning of *Andis*. *United States v. Burns*, 409 F.3d 994, 996 (8th Cir. 2005) (per curiam); *see also United States v. Parker*, No. 04-3793, 2005 WL 1513135, at *3 (8th Cir. June 28, 2005); *United States v. Fogg*, 409 F.3d 1022, 1025 (8th Cir. 2005). Therefore, the appeal waiver is enforceable.

Accordingly, we deny Hale's motion for leave to file a supplemental brief, and we affirm the judgment of the district court.

_____