# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2059

———————————————

United States of America

*Plaintiff - Appellee*

v.

Marcus McDaniel

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Northern District of Iowa - Eastern

————————

Submitted: January 9, 2023
Filed: May 12, 2023
[Unpublished]

————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

————————

PER CURIAM.

Officers found a loaded pistol in a holster at Marcus McDaniel's feet, as he stood in front of his home in Dubuque, Iowa. A search of the home revealed significant evidence of drug distribution, including thirty-three pounds of marijuana, THC in various forms, and cash totaling more than $18,000, as well as pipes, a digital scale, and drug-packaging materials. Officers also found empty magazines and a case

for the pistol. McDaniel pleaded guilty to possession of a firearm while subject to an order for protection, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). The district court[1] sentenced McDaniel to 31 months' imprisonment, varying downward from the U.S. Sentencing Guidelines range of 37 to 46 months' imprisonment.

McDaniel argues that the district court clearly erred in finding that he possessed a firearm in connection with another felony offense, which increased his base offense level by 4 under Guidelines § 2K2.1(b)(6)(B). See United States v. Mitchell, 963 F.3d 729, 731 (8th Cir. 2020) (standard of review). The government presented evidence at sentencing that officers observed individuals briefly stop by McDaniel's residence on August 29, 2020. They saw McDaniel then leave his home and drive away, only to a return a short while later, park in the driveway, and exit his vehicle. As officers approached, McDaniel moved his holster and pistol from his waist to the ground near his left foot. We agree with the district court that the evidence indicated that McDaniel had engaged in drug distribution shortly before he left his residence, that he was wearing his holstered firearm when he left, and that he was wearing the same firearm when he returned. Evidence from the search indicates that McDaniel was engaged in felony drug distribution and that he kept his pistol inside his home. We thus conclude that the district court did not clearly err in finding that McDaniel possessed a firearm in connection with another felony offense. See United States v. Agee, 333 F.3d 864, 866 (8th Cir. 2003) (no clear error in district court's finding because "although police took [defendant's] firearm from him outside of his residence, it is reasonable to infer that he had possessed the gun during prior drug activities inside the residence").

The judgment is affirmed.

_____

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.