# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1857

_____

United States of America,        *
                                  *

            Appellee,       *
                                  * Appeal from the United States

   v.                     * District Court for the
                                  * Northern District of Iowa.

Adam Rouillard,          *
                                  *

            Appellant.     *

_____

Submitted: October 18, 2006
Filed: January 26, 2007

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

Adam Rouillard (Rouillard) pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sua sponte departed and varied upward, sentencing Rouillard to 120 months' imprisonment. Rouillard appealed. We reverse and remand for resentencing.

## I.    BACKGROUND

On November 29, 2004, a police officer initiated a traffic stop of a car. At the time of the stop, Rouillard, a passenger in the car, possessed a semi-automatic handgun. Rouillard later pled guilty to being a felon in possession of a firearm.

The United States Probation Office prepared a presentence investigation report (PSR), detailing Rouillard's criminal history.[1] At age 12, Rouillard had juvenile adjudications for third-degree and fourth-degree criminal mischief and for being under the influence of toxic vapors. Rouillard's adult convictions include: (1) at age 18, carrying a concealed weapon, possessing a controlled substance (first offense), third-degree theft, possessing burglary tools, tampering with records, failing to comply with and eluding officers, driving without a license, fraudulent use of registration, and having an improper muffler; (2) at age 19, possessing a controlled substance (second offense) and eluding officers; (3) at age 20, driving with a suspended license; (4) at age 21, possessing a controlled substance (third offense), failing to appear, and permitting an unauthorized driver; (5) at age 22, carrying a concealed weapon, driving with a suspended license, and driving with no insurance; (6) at age 24, public intoxication, littering, and driving with a suspended license; and (7) at age 25, possessing a controlled substance (fourth offense), possessing drug paraphernalia (twice), drunk driving, having an open container, and false reporting. Rouillard's criminal history also shows several other arrests, including at age 22, an arrest for going armed with intent, terrorism, criminal gang participation, and reckless use of a firearm. The record also demonstrates Rouillard repeatedly violated the terms of his probation, was charged with contempt of court for failing to pay his court-ordered fines, continually received suspended sentences, and rarely served more than a month in jail. Rouillard was 26 years old at the time of his sentencing for the present offense.

Rouillard's PSR calculated a criminal history score of 13. This score excluded 2 criminal history points under U.S.S.G. § 4A1.1(c) and excepted several convictions under § 4A1.2(c)(1), (c)(2), and (e)(4). This calculation resulted in a criminal history category VI. Being a felon in possession of a firearm has a base offense level of 14. See U.S.S.G. § 2K2.1(a)(6). Rouillard received a two-level reduction for acceptance

---

[1]We accept as true the facts set forth in the PSR because Rouillard never objected to the PSR's specific factual allegations. See United States v. Wintermute, 443 F.3d 993, 1005 (8th Cir. 2006).

of responsibility, resulting in a total offense level of 12 and an advisory Guidelines sentencing range of 30 to 37 months' imprisonment.

The district court sua sponte departed upward pursuant to § 4A1.3, describing Rouillard's behavior as a "continuous pattern" of criminal conduct. Based on the frequency of Rouillard's convictions and incorrigibility, the district court concluded Rouillard's criminal history calculation "certainly under[-]represents the likelihood [Rouillard] will commit other crimes because [Rouillard has] just been on a criminal rampage since he turned 18." Accordingly, the district court departed upward 4 levels to an offense level of 16. An offense level of 16 and a criminal history category VI resulted in an advisory Guidelines range sentence of 46 to 57 months' imprisonment.

The district court then stated:

Under the nature and circumstances of [Rouillard], the nature and circumstances of the offenses, and the history and characteristics of [Rouillard] under 18 U.S.C. § 3553(a), [Rouillard's] extensive criminal history beginning at age 12 actually, his prior felony convictions for theft in the third degree, drug possession third offense, and drug possession fourth offense, his extensive substance abuse history, his history of probation violations, fact that he owes $23,000 in child support arrearages, his minimum employment history. . . .

So based on all those factors, I'm departing [*sic*] upward.

Thereafter, the district court sua sponte varied upward to the statutory maximum sentence of 120 months' imprisonment, reasoning the statutory maximum sentence was necessary in this case "to reflect the seriousness, to promote respect for the law, and to provide just punishment for the offense."

Rouillard appeals. Rouillard contends the district court should have sentenced him within the advisory Guidelines range and erred by departing and varying upward

based on his criminal history. The government contends Rouillard's extensive and dangerous criminal past and repeated violations of the terms of his probation justify the upward departure, however, the government concedes no factors justify the extent of the upward variance, which the government alleges results in unwarranted sentencing disparities.

## II.    DISCUSSION

After United States v. Booker, 543 U.S. 220 (2005), the sentencing court first must calculate the advisory Guidelines sentencing range. United States v. Ture, 450 F.3d 352, 356 (8th Cir. 2006). After the Guidelines range has been calculated, the sentencing court should consider whether any traditional departures are appropriate in determining the Guidelines range sentence. United States v. Bueno, 443 F.3d 1017, 1022 (8th Cir. 2006). Calculating an appropriate Guidelines range sentence is "the critical starting point," United States v. Mashek, 406 F.3d 1012, 1016 n.4 (8th Cir. 2005), to appraise any sentence because the Guidelines incorporate the other § 3553(a) factors and "are the product of years of careful study," United States v. McDonald, 461 F.3d 948, 952-53 (8th Cir. 2006) (quoting United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006)), petition for cert. filed, ___ U.S.L.W. ___ (Nov. 28, 2006) (No. 06-8086). Only after the sentencing court has calculated a Guidelines range sentence should the court consider the other factors set forth at § 3553(a) to determine whether to impose a non-Guidelines range sentence. United States v. Haack, 403 F.3d 997, 1003 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005).

### A.    Guidelines Range Calculation

We review de novo the district court's interpretation and application of the advisory Guidelines and review for clear error its findings of fact. United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005). Before departing, the district court concluded Rouillard's Guidelines sentencing range was 30 to 37 months' imprisonment. Both Rouillard and the government agree the district court properly

calculated the advisory Guidelines sentencing range before it departed.  Accordingly, we only review the departure and variance.

### B.    Departure

We review for abuse of discretion any departures from the advisory sentencing Guidelines.  Mashek, 406 F.3d at 1017.  "Although the sentencing court cannot consider a defendant's prior arrest record itself as the basis for an upward departure," United States v. Hacker, 450 F.3d 808, 812 (8th Cir. 2006) (citing U.S.S.G. § 4A1.3(a)(2), (3)), the sentencing court may consider prior arrests if the PSR sets forth the "specific facts underlying the arrests," United States v. Hawk Wing, 433 F.3d 622, 628 (8th Cir. 2006); see Hacker, 450 F.3d at 812.  Here, Rouillard's prior arrest record qualifies as "[p]rior similar adult conduct not resulting in a criminal conviction" under § 4A1.3(a)(2)(E) because the PSR described Rouillard's arrest in detail, indicating Rouillard and other gang members approached an occupied automobile and Rouillard threatened to blow the occupant's head off, someone fired a short barreled semi-automatic gun at the automobile, and the bullet struck the automobile.  Because the PSR set forth the specific factual details underlying the arrest, we will consider Rouillard's arrest record in reviewing the sentence.

Rouillard argues the district court gave his past criminal conduct too much weight in departing upward.  Section 4A1.3(a)(1) provides: "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."  "When contemplating and structuring such a departure, the district court should consider both the nature and extent of a defendant's criminal history."  Hacker, 450 F.3d at 812.  "'[E]ven offenses which are minor and dissimilar to the instant crime may serve as evidence of likelihood of recidivism if they evince the defendant's incorrigibility.'"  United States v. Schwalk, 412 F.3d 929, 934 (8th Cir. 2005) (quoting United States v. Agee, 333 F.3d 864, 867 (8th Cir. 2003)).  An upward departure pursuant to

§ 4A1.3 is particularly appropriate in the context of younger defendants who repeatedly have received lenient sentences, yet who may pose a significant risk of serious recidivism. See U.S.S.G. § 4A1.3 cmt. background.

Even though Rouillard is a criminal history category VI, the seriousness of Rouillard's past criminal conduct and risk of recidivism are under-represented. See United States v. Shannon, 414 F.3d 921, 923-24 (8th Cir. 2005). The 13 criminal history category points calculated in the PSR only reflected a portion of Rouillard's past criminal conduct. In addition to the scored convictions, Rouillard had several unscored criminal acts, including (1) juvenile adjudications for third-degree and fourth-degree criminal mischief and being under the influence of toxic vapors, (2) adult convictions for relatively serious traffic violations and failure to comply with and eluding officers, (3) multiple violations of the terms of his probation and refusals to comply with court orders, and (4) an arrest for going armed with intent, terrorism, criminal gang participation, and reckless use of a firearm.

Rouillard also has received relatively lenient sentences despite having been convicted of serious criminal offenses. "'In deciding the likelihood that a defendant may commit other crimes, a court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective.'" Hacker, 450 F.3d at 812 (quoting United States v. Herr, 202 F.3d 1014, 1016 (8th Cir. 2000)). Because Rouillard's criminal history category VI substantially under-represents the seriousness of Rouillard's past criminal conduct and risk of recidivism, the district court did not abuse its discretion in departing upward four levels, to an offense level of 16, resulting in a Guidelines sentencing range of 46 to 57 months' imprisonment.

### C.    Variance

We review for abuse of discretion the reasonableness of a sentence. United States v. Spears, 469 F.3d 1166, 1170 (8th Cir. 2006) (en banc). "[A]n abuse of discretion may occur when (1) a court fails to consider a relevant factor that should

have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Haack, 403 F.3d at 1004 (internal quotation omitted).

To review for abuse of discretion, we ask "whether the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable, and whether the extent of any § 3553(a) variance . . . is reasonable." Mashek, 406 F.3d at 1017. "[T]he court has a *range of choice*, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Haack, 403 F.3d at 1004 (quotation omitted). "As the size of the variance grows, so too must the reasons that warrant it." United States v. Medearis, 451 F.3d 918, 920 (8th Cir. 2006).

After departing upward four levels, the district court varied upward another eight levels or 111%[2] and sentenced Rouillard to 120 months' imprisonment. The district court varied upward due to the nature and circumstances of the offense and Rouillard's criminal history, probation violations, substance abuse history, unpaid child support obligation, and minimum employment history.

Even after departing upward, varying upward may be reasonable. Although "[t]he guidelines have already accounted for the likelihood of recidivism through the guidelines' criminal history computation," McDonald, 461 F.3d at 953, in limited circumstances, a district court may vary upward because an upward variance due to an under-represented criminal history or a high risk of recidivism is consistent with the purposes of § 3553(a). See 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C); see United States v. Fogg, 409 F.3d 1022, 1026 (8th Cir. 2005). We agree with the

---

[2]The percent change calculations measure the change from the closest Guidelines range sentence.

district court that imposing a sentence within the advisory Guidelines range would not serve the purposes of § 3553(a). By not fully accounting for Rouillard's extensive past criminal conduct and high risk of recidivism, the Guidelines sentencing range does not adequately reflect Rouillard's past criminal conduct and characteristics, provide just punishment, or protect the public from future crimes. Given Rouillard's unaccounted criminal conduct and nearly continuous participation in criminal activities, some upward variance is reasonable.

We have affirmed significant upward variances based on past criminal conduct when the circumstances have been extraordinary, either because significant criminal conduct had not been accounted for, see, e.g., United States v. Lyons, 450 F.3d 834, 836-37 (8th Cir.) (affirming an upward variance (ten levels or 107%) because the defendant had 31 criminal history points, 19 convictions in 15 years, and had been treated with leniency, but was participating in "a series of escalating criminal acts"), cert. denied, 127 S. Ct. 358 (2006); cf. Shannon, 414 F.3d at 923-24 (affirming an upward departure (thirteen levels or 383%) due to the defendant's 31 criminal history points, prior similar convictions, the temporal proximity of the defendant's convictions, and the defendant's incorrigibility), or because the past relevant conduct was similar in form to or contemporaneous with the instant offense, see, e.g., United States v. Zeigler, 463 F.3d 814, 818 (8th Cir. 2006) (affirming an upward variance (eleven levels or 300%) because the defendant previously had been convicted of similar unscored conduct); United States v. Porter, 439 F.3d 845, 849-50 (8th Cir. 2006) (affirming an upward departure from criminal history category II to VI and an upward variance (eight levels or 69%) to the statutory maximum sentence, in part, because the defendant had pending state charges for kidnapping his own children). On the other hand, we have reversed significant upward variances based on past criminal conduct when the circumstances have not been extraordinary. See, e.g., United States v. Kendall, 446 F.3d 782, 785 (8th Cir. 2006) (reversing an upward variance (nine levels or 155%) because the defendant's criminal history and the surrounding circumstances were not extraordinary).

Here, the relevant factors do not support the extent of the variance (eight levels or 111%). There is nothing extraordinary about the nature and circumstances of the offense nor about Rouillard's substance abuse history, unpaid child support obligations, and unemployment. Cf. United States v. Hodge, 469 F.3d 749, 757 (8th Cir. 2006) (concluding the defendant's drug addiction did not support a 168-month downward variance); McDonald, 461 F.3d at 953 (deciding the defendant's employment history did not support a downward variance); Bueno, 433 F.3d at 1023-24 (concluding the defendant's family responsibilities did not support a downward departure).

Rouillard's past criminal conduct has been recognized, in part, by the applicable criminal history category and upward departure. "We have previously cautioned against substantial variances predicated upon characteristics of the individual defendant for which the guidelines calculation already accounts." McDonald, 461 F.3d at 954. Significant variances based on conduct accounted for in the Guidelines results in unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6); McDonald, 461 F.3d at 954 (citing United States v. Myers, 439 F.3d 415, 418 (8th Cir. 2006)).

The district court abused its discretion by giving too much weight to Rouillard's past criminal conduct, which had been partially recognized by the criminal history category and the upward departure, and other unexceptional factors. Some upward variance is appropriate; however, sentencing Rouillard to 120 months' imprisonment exceeds the range of reasonable sentences because it would create unwarranted sentencing disparities.

## III.   CONCLUSION

We reverse Rouillard's sentence and remand to the district court for resentencing consistent with this opinion.

_____