# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2602

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| James C. Hoenselaar, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: May 7, 2007
Filed: May 11, 2007

———————

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

After James C. Hoenselaar pleaded guilty to participating in a drug conspiracy, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), the district court[1] calculated an advisory Sentencing Guidelines range of 151-188 months in prison and sentenced Hoenselaar at the bottom of the range to 151 months in prison and 5 years of supervised release. Hoenselaar argues on appeal that the sentence is unreasonable, and that the district court should have imposed the statutory minimum sentence of 10 years in prison. See 18 U.S.C. § 841(b)(1)(A). Upon review of the sentence for

———

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

reasonableness, see United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005), we affirm.

Hoenselaar fails to establish that the district court overlooked a significant factor, gave improper weight to any factor, or made a clear error in judgment. See United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006) (setting out standard for unreasonable sentence). Although his coconspirators may have received lower sentences, Hoenselaar played a more significant role in the conspiracy--he served as the methamphetamine "cook"--and more important, unlike his coconspirators, he did not cooperate with authorities. See United States v. Gallegos, 480 F.3d 856, 859 (8th Cir. 2007) (per curiam) (rejecting argument that sentence was unreasonable because of its disparity with lower sentence of codefendant; even assuming the two defendants were equally culpable in conspiracy, they were not similarly situated and disparity between their sentences was not unwarranted: defendant with lower sentence had lower criminal history category and most important, had received motion for downward departure based on substantial assistance).

In imposing sentence the district court considered appropriate factors, including Hoenselaar's addiction, his extensive criminal history, and the need to deter him by imposing a harsher sentence than he had received in the past. See 18 U.S.C. § 3553(a)(1) (sentencing factors include nature and circumstances of offense and history and characteristics of defendant); (a)(2)(A) (court shall consider need for sentence imposed to reflect seriousness of offense, to promote respect for law, and to provide just punishment); (a)(2)(B) (court shall consider need for sentence imposed to afford adequate deterrence to criminal conduct). Hoenselaar's reference to sentencing statistics for drug crimes in Nebraska is unavailing. While the Guidelines seek to reduce sentencing disparities, see United States v. Rouillard, 474 F.3d 551, 558 (8th Cir. 2007) (variances based on conduct accounted for in Guidelines result in unwarranted sentencing disparities); see also 18 U.S.C. § 3553(a)(6) (district court should consider the "need to avoid unwarranted sentence disparities" between

similarly situated defendants), Hoenselaar offers no authority for the proposition that a district court should compare a defendant's prospective sentence to a statewide average as part of the court's consideration, or that such a comparison should play a part in appellate review.

The judgment of the district court is affirmed.

_____