# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1480

_____

United States of America,          *

                             *

         Appellee,         *

                             *   Appeal from the United States

     v.                  *   District Court for the

                             *   Eastern District of Missouri.

Charles Floyd Shaw,         *

                             *   [UNPUBLISHED]

         Appellant.      *

_____

Submitted: November 21, 2007
Filed: November 28, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

     Charles Shaw pleaded guilty to possessing pseudoephedrine, knowing it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2). The district court[1] sentenced Shaw to 30 months in prison, which was at the bottom of the advisory Guidelines range. On appeal, Shaw argues that the district court abused its discretion when it denied his motion for a downward departure based on overstated criminal history, and that a sentence below the Guidelines range would have been reasonable. We reject these arguments and affirm.

_____

     [1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Because Shaw does not argue--and the record does not indicate--that the district court failed to recognize it had authority to depart from the Guidelines, its discretionary denial of Shaw's motion is unreviewable. *See United States v. Carter*, 481 F.3d 601, 607 (8th Cir.), *petitions for cert. filed*, (U.S. July 11, 2007 & Sept. 7, 2007) (Nos. 07-5323, 07-330). Further, Shaw's sentence is not unreasonable. *See United States v. Garlewicz*, 493 F.3d 933, 938 (8th Cir. 2007) (presumption of reasonableness is accorded sentence within properly calculated Guidelines range); *United States v. Garate*, 482 F.3d 1013, 1017 (8th Cir.) (criminal history may support variance as part of defendant's history and characteristics under 18 U.S.C. § 3553(a)(1), but primary reliance on factors already considered by Guidelines will not support substantial variance unless they are present in unusual degree), *petition for cert. filed*, (U.S. June 28, 2007) (No. 07-5051); *United States v. Rouillard*, 474 F.3d 551, 558 (8th Cir. 2007) ("Significant variances based on conduct accounted for in the Guidelines results in unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.").

Accordingly, the judgment is affirmed.

_____