**UNITED STATES of America,**
**Appellee,**

v.

**Tania MOUSSEAU, Appellant.**

No. 07–1332.

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 13, 2007.

Filed: Feb. 29, 2008.

Rehearing Denied April 9, 2008.

Gary G. Cobalt, Jr., argued, Rapid City, SD, for Appellant.

Dennis r. Holmes, AUSA, argued, Sioux Falls, SD, Mark A. Vargo, AUSA, on the brief, Rapid City, SD, for Appellee.

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

SMITH, Circuit Judge.

Tania Mousseau pleaded guilty to one count of distribution of a controlled substance to a minor, in violation of 21 U.S.C. §§ 841(a) and 859. Prior to pleading guilty, Mousseau entered into a plea agreement in which she waived some rights but maintained the right to appeal the reasonableness of a sentence above the advisory Guidelines range. The district court[1] denied Mousseau's request for acceptance of responsibility credit, determined that her advisory range was 70 to 87 months, departed upward from the Guidelines pursuant to U.S.S.G. § 5K2.1, imposed a sentence of 120 months' imprisonment followed by five years of supervised release, and levied a $100 special assessment. Mousseau appeals, challenging the district court's denial of acceptance of responsibility credit, the imposition of the special assessment, and the application of § 5K2.1. We affirm.

## I. Background

While at work, Mousseau found, lying on the ground, a rolled one-dollar bill that contained a white substance. Mousseau was not sure what it was but believed it was something other than cocaine because she had experience with cocaine. Mousseau took the substance to a cousin whom she believed would be able to identify it. Mousseau's cousin was not home at that time, so she went to Connie Wilson's residence. Wilson was also not home but two juveniles were there, including C.W., a fifteen-year-old. Mousseau offered the juveniles an opportunity to use the drug, and C.W. accepted. Almost immediately after smoking the substance, which was later determined to be methamphetamine, C.W. became seriously ill. C.W. received emergency medical treatment but died the following day. According to the autopsy report, C.W.'s death resulted from a rupture of the cerebellar vascular formation. The autopsy report opined that the rupture was likely related to the ingestion of methamphetamine.

Mousseau was charged with a single count of distributing a controlled substance to a minor. She offered to plead guilty, but the prosecution declined her offer because the parties could not agree whether Mousseau was responsible for C.W.'s death. Mousseau filed a motion in limine to exclude all references to C.W.'s death, and the district court granted the motion on the morning of trial.

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

After the district court granted the motion, the parties reached a plea agreement. Under the terms of the agreement, Mousseau agreed to plead guilty to one count of distribution of a controlled substance to a minor, in violation of 21 U.S.C. §§ 841(a) and 859. Mousseau waived "any right to appeal any and all motions, defenses ... and objections which she has asserted or could assert to this prosecution, and to the Court's ... imposition of sentence, including sentence appeals under 18 U.S.C. § 3742." Mousseau retained the right to appeal the reasonableness of her sentence if she received a term above the advisory Guideline range as calculated by the district court.

The presentence investigation report recommended credit for acceptance of responsibility and calculated Mousseau's Guidelines range at 51 to 63 months. Because of the lateness of her plea, the district court considered denying the acceptance of responsibility credit. The prosecution explained that the plea's late hour was due to the government's intent to litigate the issue of Mousseau's responsibility for C.W.'s death. The prosecution stressed that Mousseau offered earlier in the proceedings to plead guilty but that the government had insisted on an agreement holding Mousseau responsible for C.W.'s death. The agreement that the parties reached on the day of trial matched the plea offer that Mousseau extended much earlier. Despite the prosecution's arguments, the district court declined to give an acceptance of responsibility credit and found Mousseau's advisory sentence range to be 70 to 87 months. The court then departed upward from the advisory range pursuant to § 5K2.1, which allows for a departure if an actor's conduct results in death. Ultimately, the district court imposed a sentence of 120 months' imprisonment,

five years of supervised release and payment of a $100 special assessment.

## II. *Discussion*

Mousseau raises three arguments on appeal: (1) the district court erred in denying her credit for acceptance of responsibility; (2) the district court erred in applying U.S.S.G. § 5K2.1 to enhance her sentencing range resulting in an unreasonable sentence; and (3) the order of restitution was illegal.

### A. *Acceptance of Responsibility*

■ Mousseau's first claim of error is that the district court improperly denied her acceptance of responsibility credit under U.S.S.G. § 3E1.1. We hold that Mousseau waived this argument under her plea agreement with the government.

This court has previously stated that appeal waivers, while narrowly construed against the government, are enforceable. *United States v. Andis,* 333 F.3d 886, 890 (8th Cir.2003) (stating that so long as a plea agreement is knowingly and voluntarily entered into, it will be enforced). Specifically, we have recognized that such waivers may foreclose a defendant's argument that the district court improperly applied the Guidelines. *Id.* (quoting *United States v. Brown,* 232 F.3d 399, 403 (4th Cir.2000)).

■ Mousseau's appeal waiver forecloses appeal of denial of acceptance of responsibility credit unless it constitutes a miscarriage of justice. "Assuming that a waiver has been entered into knowingly and voluntarily, [the court] will still refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Id.* at 891. "Although [the court] ha[s] not provided an exhaustive list of the circumstances that might constitute a miscarriage of justice, [the court has] recognize[d] that these waivers are contractual

agreements between a defendant and the Government and should not be easily voided by the courts." *Id.* The miscarriage of justice exception to a waiver permits a defendant to challenge a sentence on the grounds that "it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime" *Id.* at 892 (quoting *United States v. Greatwalker,* 285 F.3d 727, 729 (8th Cir.2002)). We hold that the court's refusal to give Mousseau credit for acceptance of responsibility was not a miscarriage of justice. Further, the court's ultimate sentence was within its statutory authority. Consequently, Mousseau's argument regarding the district court's denial of acceptance of responsibility credit is waived.

### B. *The Order of Restitution*

■ Next, Mousseau argues that the district court lacked legal authority to impose restitution. The government responds that the Mandatory Victims Restitution Act ("the Act"), 18 U.S.C. § 3663, authorized the district court to order restitution. Because Mousseau challenges only the applicability of the Act, not the amount of restitution, we review the order of restitution de novo. *United States v. Liner,* 435 F.3d 920, 926 (8th Cir.2006).

■ We hold that the district court did not err in concluding that the Act authorizes restitution orders in cases like Mousseau's. The Act prohibits a participant in an offense under § 841(a) to be granted restitution. 18 U.S.C. § 3663(a)(1)(A). Mousseau contends C.W.'s illegal use of a controlled substance made C.W. a "participant in an offense" and thus prevents her from qualifying as a victim entitled to restitution. The statutory exclusion of offense participants from restitution orders is not broadly applicable. *See* 18 U.S.C. § 3663(a)(1)(A). For this prohibition to

apply, the defendant must be convicted of one of the offenses enumerated in the statute, and the person to whom restitution is due must have committed the same offense. *See* 18 U.S.C. § 3663(a)(1)(A) (authorizing orders of restitution for certain offenses and stating that "but in no case shall *a participant in an offense under such sections* be considered a victim of *such* offense under this section") (emphasis added).

Mousseau was found guilty of providing a controlled substance to a minor—an offense C.W. did not commit. Because she did not provide a controlled substance to a minor, C.W. was not a participant in this offense; therefore, the order of restitution was proper.

### C. *Appropriateness of the § 5K2.1 Departure*

Finally, Mousseau challenges the district court's departure under § 5K2.1, arguing that the departure was improper and resulted in an unreasonable sentence. We hold that the district court did not err in departing from the advisory Guidelines range pursuant to § 5K2.1, and the ultimate sentence imposed is reasonable.

■ We review a sentence imposed by the district court applying the advisory Guidelines for an abuse of discretion. Our review of a district court's sentencing decision is limited to determining whether the sentence is reasonable. *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). A court abuses its discretion and imposes an unreasonable sentence when it "fails to consider a relevant factor that should have received significant weight; ... gives significant weight to an improper or irrelevant factor; or ... considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Rouillard,* 474 F.3d 551, 556 (8th Cir.

2007) (quoting *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir.2005)). "[T]he court has a range of choice, and ... its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (quoting *Haack*, 403 F.3d at 1004) (alteration in the original).

 Here, the court chose to depart from the applicable Guidelines range after it determined that § 5K2.1 authorized such a departure. Under this section of the Guidelines, a district court may depart from an otherwise applicable Guidelines range if the evidence demonstrates, by a preponderance, that the defendant's conduct resulted in death. U.S.S.G. § 5K2.1. We review for clear error the district court's factual finding that C.W.'s death was the result of Mousseau's conduct. *United States v. Coughlin*, 500 F.3d 813, 817 (8th Cir.2007).

The district court's finding that C.W. died as a result of Mousseau's actions is not clearly erroneous. Although C.W. did not die until the day after Mousseau provided her methamphetamine, C.W.'s physical distress began almost immediately after ingesting the drug. Given this close temporal proximity and the autopsy report indicating that the methamphetamine use was likely related to the medical condition that killed C.W., the district court did not clearly err.

The district court also did not err in departing under § 5K2.1. When considering a departure from the advisory range, the district court should consider the dangerousness of the defendant's conduct and the extent to which death or serious injury was an intended result or known risk. U.S.S.G. § 5K2.1. While the facts do not show that Mousseau intended to harm C.W., it is clear that her actions were very dangerous and that she disregarded a known risk by giving an unknown sub-stance, suspected to be a narcotic, to a minor to ingest. Under these circumstances, the upward departure of 33 months is not an abuse of discretion; therefore, we hold that the resulting sentence is not unreasonable.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.