# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3512

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of South Dakota. |
| John M. Jenners, | * |
| | * |
| Appellant. | * |

_____

Submitted: May 13, 2008
Filed: August 8, 2008

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

John M. Jenners pleaded guilty, pursuant to a plea agreement, to conspiracy to commit bank fraud—in violation of 18 U.S.C. § 1344—counterfeiting, and aiding and abetting counterfeiting—in violation of 18 U.S.C. §§ 474 and 2. After Jenners's initial sentencing, the district court vacated his sentence on postconviction review, finding that Jenners received ineffective assistance of counsel. After resentencing, Jenners appealed to this court, and we remanded the case after concluding that the district court improperly relied on disputed facts in Jenners's presentence investigation report

(PSR). Following remand, the district court[1] imposed a sentence of 96 months' imprisonment. Jenners again appeals his sentence, arguing that the district court erred in calculating his advisory sentence under the Guidelines and that the ultimate sentence is unreasonable. We affirm.

## I. *Background*
### A. *The Underlying Offense*

Jenners and his co-conspirator defrauded banks by stealing bank account information from various individuals, including the account holder's name, bank account number, and the bank routing numbers. Then, Jenners would use this information to create counterfeit checks and securities in false names. Using the illegally obtained bank information, Jenners would also create false identification documents, such as driver's licenses using various aliases, some of which displayed Jenners's photograph. Jenners used the counterfeit checks and securities at banks and businesses to obtain money, goods, and services.

Police and the Federal Bureau of Investigation (FBI) were notified of the scheme after a store clerk reported a suspicious transaction involving Jenners. On November 21, 2003, officers conducted a search of Jenners's residence, which he shared with co-defendant Jessica Egerdahl. Police seized a scanner, a digital camera, a counterfeit North Dakota driver's license seal, lamination plastic, a Versa Check 2003 computer program box, two CDs (one with images of $100 and $20 bills and the other with templates of various state driver's licenses), numerous receipts from various businesses that indicated purchases with counterfeit or fraudulent checks, and various pieces of paper bearing account and routing information. The police did not find a computer despite the other evidence indicating its probable use.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

B. *Sentencing and Procedural Background*

Jenners pleaded guilty to conspiracy to commit back fraud, counterfeiting, and aiding and abetting. After accepting Jenners's plea, the district court sentenced Jenners to a term of 108 months' imprisonment—this sentence was later vacated by the district court on postconviction review because Jenners's counsel failed to file a direct appeal. Upon resentencing, Jenners received the same sentence and appealed to this court. In *United States v. Jenners*, 473 F.3d 894 (8th Cir. 2007), we vacated Jenners's sentence and remanded the case for resentencing, concluding that the district court erred in relying on disputed facts in Jenners's PSR.

At resentencing following remand, the district court imposed a sentence of 96 months' imprisonment. In determining Jenners's advisory sentence, the district court applied enhancements for sophisticated means and possession of device-making equipment. The court calculated Jenners's pre-departure sentencing range to be 51 to 63 months and departed upward after finding that Jenners's criminal history was understated.[2] Alternatively, the court found that if no departure was warranted that a variance would be appropriate.

Before imposing the 96-month sentence, the district court questioned Jenners to verify that he was aware that his plea agreement surrendered the majority of his appellate rights, except for his right to challenge an upward departure from the Guidelines. Jenners acknowledged waiving most his appellate rights.

---

[2]Jenners has an extensive criminal history, including more than a dozen convictions. Among the prior offenses listed in his PSR are various forgery and theft charges, fraudulent use of a credit card, mail theft, stolen money orders (although he was not charged for this offense), unauthorized use of personal identifying information, conspiracy to commit theft, possession of drug paraphernalia, and the unlawful reproduction of a driver's license. Additionally, Jenners was on probation and was also facing four unspecified charges in Oregon while he was on trial for this offense.

## II. *Discussion*

Jenners raises two arguments in this appeal. First, he challenges the application of two enhancements under the Guidelines. Second, he argues that the district court's decision to impose a sentence higher than his advisory range was unreasonable.

### A. *Calculation of Guidelines Sentence*

First, Jenners challenges the district court's calculations of his Guidelines sentence, arguing that the court erred in enhancing his sentence pursuant to U.S.S.G. § 2B1.1(b)(8)(C) and (9)(A).We decline to reach the merits of Jenners's arguments on this point because we conclude that Jenners waived his right to challenge the calculation of his advisory Guidelines range. In his plea agreement, Jenners waived "any right to appeal any and all motions, defenses, . . . and objections . . . to [the district court's] entry of judgment against him and imposition of sentence, including sentencing appeals under 18 U.S.C. § 3742."

Absent a miscarriage of justice, an otherwise valid appeal waiver will foreclose a defendant's argument that his Guidelines sentence was improperly calculated. *United States v. Mousseau*, 517 F.3d 1044, 1047 (8th Cir. 2008). "The miscarriage of justice exception to a waiver permits a defendant to challenge a sentence on the grounds that 'it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime[.]'" *Id.* (quoting *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003)). Jenners's plea agreement was knowingly and voluntarily entered into, and he does not claim otherwise. Nor does he allege sufficient facts to bring his case within the miscarriage of justice exception. Because Jenners knowingly and voluntarily entered into the plea agreement, and his sentence would not create a miscarriage of justice, we hold that Jenners's right to challenge the calculation of his Guidelines sentence is waived.[3]

---

[3]We decline to consider whether the Government waived its plea-agreement-waiver argument by failing to assert it in Jenners's initial appeal because Jenners did not address this issue either in his brief or at oral argument. *See United States v.*

## II. *Departure and Variance*

Jenners also challenges the district court's decision to sentence Jenners to a term in excess of his advisory Guidelines range. The district court justified this higher sentence as either permissible under U.S.S.G. § 4A1.3 or as a variance under 18 U.S.C. § 3553(a). We agree with the district court and conclude that a variance under § 3553(a) was warranted.

"[T]he [sentencing] court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *United States v. Rouillard*, 474 F.3d 551, 556 (8th Cir. 2007) (quoting *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005)). "A court abuses its discretion and imposes an unreasonable sentence when it 'fails to consider a relevant factor that should have received significant weight; . . . gives significant weight to an improper or irrelevant factor; or . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Mousseau*, 517 F.3d at 1048 (quoting *Rouillard*, 474 F.3d at 556)).

Post *Booker,*[4] a district court may vary from the otherwise applicable Guidelines range based on several factors including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford

---

*Walrath*, 324 F.3d 966, 970 n.2 (8th Cir. 2003) (declining to address an argument that was not raised before the district court or in the briefs or at oral argument); *see also Latorre v. United States*, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999) (stating that "[t]his court, of course, does not normally address issues not raised in the district court nor does it normally address issues not raised by a litigant on appeal").

[4]*United States v. Booker*, 543 U.S. 220 (2005).

adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and] (3) the kinds of sentences available . . . .

18 U.S.C. § 3553(a); *see also United States v. Mosqueda-Estevez*, 485 F.3d 1009, 1012 (8th Cir. 2007) (laying out the three-step procedure that district courts should follow when sentencing a defendant).

We conclude that the district court did not abuse its discretion in sentencing Jenners to 96 months' imprisonment. Here, when examining Jenners's criminal history, the district court was permitted to consider that under the plea agreement, 24 of the 25 counts in the indictment were dismissed. *See United States v. Yahnke*, 395 F.3d 823, 826 (8th Cir. 2005) (recognizing that the district court is not limited to only convictions when deciding whether to depart; it may consider uncharged misconduct provided that there is sufficient proof of the misconduct). Considering these 24 uncharged offenses along with Jenners's lengthy history of criminal conduct, we conclude that the district court's decision to vary from the Guidelines based upon an understated criminal history was supported by several § 3553(a) factors, including the need for the sentence to promote respect for the law, provide adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____