# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2834

_____

United States of America,    *
                             *
          Appellee,          *
                             *   Appeal from the United States
     v.                      *   District Court for the
                             *   Eastern District of Missouri.
Thomas R. Mantle,            *
                             *   [UNPUBLISHED]
          Appellant.         *

_____

Submitted: January 21, 2009
Filed: January 29, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Thomas R. Mantle appeals the sentence imposed on him by the district court[1] after he pleaded guilty to transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We affirm.

Mantle e-mailed over 100 files containing images of child pornography to a police detective who was posing as a 14-year-old boy, and who mentioned his

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

assumed age of 14 numerous times during the course of his communications with Mantle.  Seizure of Mantle's desktop and laptop computers revealed thousands of image files and over 100 movie files containing child pornography.

On appeal, Mantle's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), he argues that the district court erred in applying U.S.S.G. § 2G2.2(b)(3)(C) (5-level increase if offense involved distribution to minor), because classifying the undercover officer as a "minor" violated Mantle's due process rights.  Counsel further argues that the court's application of U.S.S.G. § 2G2.2(a)(2) (base offense level for transporting or possessing child pornography) and section 2G2.2(b)(3)(C) amounts to impermissible double-counting.

Under relevant commentary, the district court properly applied section 2G2.2(b)(3)(C) because Mantle distributed child pornography to a detective who told Mantle that he was 14 years old.  See United States v. Rouillard, 474 F.3d 551, 555 (8th Cir. 2007) (interpretation and application of Guidelines is reviewed de novo); U.S.S.G. § 2G2.2, comment. (n.1) ("'Minor' means . . . an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years."); see also Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").  We find no basis to conclude that the foregoing commentary violates Mantle's due process rights, and counsel directs us to no authority indicating that it does.

Because the double-counting argument was not raised below, we review only for plain error, see United States v Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc), and we find none.  Sections 2G2.2(a)(2) and 2G2.2(b)(3)(C) address conceptually separate sentencing notions--transportation of child pornography versus distribution of that pornography to a minor--and counsel makes no showing that the Sentencing

Commission intended a different result.  See United States v. Rohwedder, 243 F.3d 423, 427 (8th Cir. 2001) ("Double counting is permissible if the Sentencing Commission intended that result and each section concerns conceptually separate notions relating to sentencing.").

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we affirm the district court's judgment and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____