# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2118
_____

United States of America

*Plaintiff - Appellee*

v.

Johnny Leroy Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 16, 2016
Filed: August 4, 2016
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Johnny Leroy Brown pleaded guilty to escape from custody, in violation of 18 U.S.C. § 751(a). He appeals from the 15-month sentence imposed by the district court.[1] We affirm.

In 2007, Brown was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced to 110 months' imprisonment. Brown was transferred in May 2014 to Volunteers of America (VOA), a non-secure community corrections center—a halfway house—located in Roseville, Minnesota, where he was to serve the remainder of his prison term. As Brown left the halfway house to report to work on the morning of August 26, 2014, a VOA case manager confiscated the cellular phone that Brown had carried out of the house in violation of VOA rules. Approximately thirty minutes later, Brown removed the GPS monitor that was attached to his ankle, which he was required to wear as a condition of his living at the halfway house. VOA staff received a tamper alert, searched for Brown at the location from which the monitor had last transmitted, and discovered that he had not reported for work. Brown later explained that he had fled as an alternative to assaulting the case manager who took his phone and treated him poorly and against whom Brown's previously filed complaints had not been addressed by VOA management.

U.S. Marshals found Brown thirty-three days later at a job site in Albert Lea, Minnesota. Brown surrendered without incident.

The presentence investigation report (PSR) calculated a total offense level of 7, a criminal history category of VI, and a resulting advisory sentencing range of 15 to 21 months' imprisonment. Brown's total offense level included a 2-level decrease for acceptance of responsibility and a 4-level decrease because Brown had escaped

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

from a non-secure facility and had not committed any additional crimes after his escape.

Brown requested a downward variance, arguing that his personal circumstances, the progress he had made while in prison, the nature of his crime, and the punishment he had already received justified a shorter sentence. Brown noted that his mother was addicted to crack cocaine during his childhood, resulting in his joining a gang at a young age. He explained that he was no longer a violent person, pointing to evidence that he had changed, which included a statement made by the arresting marshal, who expressed surprise that someone with Brown's criminal record had surrendered peacefully, as well as letters written on his behalf by teachers at his vocational program, who praised Brown's attendance and work ethic. Brown discussed his post-escape conduct, noting that he was found living where he had informed the probation office he would live when his term of supervised release was scheduled to commence a few months later in November 2014, that he had obtained employment under his own name, and that he had not committed any new crimes while he was missing. Brown acknowledged that he had handled the conflict with the VOA case manager poorly, explaining that "[e]ven when I knew it was wrong, . . . I thought still walking away from that and not attacking the issue was better for me at that time." Brown also urged the district court to consider the punishment he had already received for his escape, which consisted of an additional 113 days that Brown served in prison because his good-behavior time had been revoked and because he was not permitted to return to a halfway house.

The district court imposed a 15-month sentence, the bottom of the advisory sentencing range. The district court noted that it wanted to "commend [Brown's] efforts because [he] grew up in very difficult and challenging circumstances, [he was] leading a life of very violent crime, and [he has] turned that around." While crediting Brown for abstaining from violent behavior, the district court noted that "you walked away, and you knew that was wrong. . . . We have to have respect for the law, and we

have to have respect for rules." It continued by explaining that a within-Guidelines sentence reflected a balance between the court's recognition of Brown's progress and its need to deter Brown from committing other crimes in the future, to deter others from escaping custody, and to avoid unwarranted sentencing disparities.

Brown argues that the district court committed a clear error of judgment in weighing the § 3553(a) factors and that the sentence was greater than necessary to comply with the purposes of sentencing. We review the sentence imposed by the district court for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Nossan, 647 F.3d 822, 825 (8th Cir. 2011) (quoting United States v. Mousseau, 517 F.3d 1044, 1048-49 (8th Cir. 2008)).

As recounted above, the district court gave due consideration to Brown's difficult upbringing, the progress he had made while in prison, and the non-violent nature of his escape. While Brown may well believe that a shorter sentence would have been sufficient to accomplish the purposes of sentencing, we conclude that the district court did not abuse its discretion in weighing the § 3553(a) factors as it did or in imposing the bottom of the range sentence. See United States v. San-Miguel, 634 F.3d 471, 476 (8th Cir. 2011) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." (citation omitted)).

The sentence is affirmed.

_____