# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3587

_____

United States of America

*Plaintiff - Appellee*

v.

Cristina Dawn Griego, also known as Cristina Dawn Myers, also known as
Cristina Dawn Gonzalez-Campos

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: May 8, 2017
Filed: August 7, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Cristina Dawn Griego pleaded guilty to aiding and abetting the illegal transfer
of a shotgun, in violation of 26 U.S.C. §§ 5861(e), 5845(a)(1), 5871, and 18 U.S.C.

§ 2. At sentencing, the district court[1] determined Griego's sentencing range to be 41 to 51 months' imprisonment, according to the United States Sentencing Guidelines. Griego moved for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The court denied the motion and sentenced Griego to 41 months—the low end of her Guidelines range. Griego appeals the denial of the reduction. Because Griego waived her right to appeal the denial of the acceptance-of-responsibility reduction in her plea agreement, we will not address her arguments on the merits. As a result, her appeal is dismissed.

> Griego admitted to the following factual allegations:

> On March 31, 2015, the defendant met with the CI [(confidential informant)] in Sioux Falls, South Dakota, about the purchase of the shotgun, which the Defendant knew was illegal to possess or sell. The Defendant told the CI her co-conspirator would not sell the firearm without another individual involved in the conspiracy being present. The Defendant assisted in making arrangements for the sale to be completed.

> On April 1, 2015, after the firearm was sold to the CI, a controlled payoff was executed where the CI gave the defendant and [her husband] money for the firearm.

Although pleading to knowingly facilitating the illegal sale of a firearm, Griego nonetheless denied knowledge of the shotgun transfer at her change-of-plea hearing:

> All I know is that [my co-conspirator] brought [the shotgun] to my house and I got very angry when he brought it out of the bag because he asked my husband for a backpack and my husband gave him a backpack and he brought the sawed off shotgun out of the bag. . . .

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

***

[T]hey were talking about selling it and I just said, I just—they were talking about a few things, like selling the bag and a vacuum cleaner as well as the shotgun. And I said I don't want to hear that, I want nothing to do with it, just keep [the shotgun] out of my house. And so they did. The next day [the CI] called my husband and my husband was supposed to meet with them. . . .

***

I assumed it was for the vacuum cleaner and for—for drugs.

When describing the exchange of money between the CI and her husband, Griego said, "I was joking with him and I said, [the money's] mine, you know. And I [asked] what is that for and he said it was for a vacuum cleaner. I didn't—that's as far as I knew it was." Because of Griego's equivocation on the witness stand, the district court had to find "an independent factual basis" for proving the factual elements of her guilty plea.

Before sentencing, the United States Probation Office prepared Griego's presentence investigative report (PSR). During the PSR interviews, Griego continued to represent that "she did not know what was transpiring" regarding the gun sale and that she believed the money was exchanged for a vacuum cleaner. When asked about her background, "much of what the defendant reported regarding her biographical history was false." Because of Griego's dissimulation, the probation office recommended that she receive a sentencing enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. The probation office also suggested that the district court deny the offense-level reduction for acceptance of responsibility "[b]ased on her minimization of the offense and the adjustment for obstruction of justice."

At sentencing, the district court agreed with the probation office, applied the obstruction-of-justice enhancement, and denied the offense-level reduction for

acceptance of responsibility.[2] "All of that [behavior]," the court said, "indicates that she was not truthfully admitting her conduct that comprised the offense of conviction and has not accepted responsibility." Griego now appeals the denial of her requested offense-level reduction for acceptance of responsibility.

Griego argues that the district court erred by not applying the acceptance-of-responsibility adjustment. Griego asserts that she clearly demonstrated acceptance of responsibility. She principally relies on two points: (1) the "significant evidence" demonstrated by the signing of her plea agreement, *see* U.S.S.G. § 3E1.1 cmt. n.3, and (2) her "post-offense rehabilitative efforts," *see id.* § 3E1.1 cmt. n.1(G). We will not address her arguments on the merits because in her plea agreement, Griego waived her right to appeal the denial of the acceptance-of-responsibility reduction.

We review "the validity and applicability" of an appeal waiver de novo. *United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Because federal appellate rights come from statutory law and not the Constitution, Griego may waive her statutory right to appeal. *See United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). Appellate waivers must be knowing and voluntary and must not result in "a

---

[2]Griego's plea agreement required that she testify truthfully during the change-of-plea hearing and during the PSR interviews. The relevant language follows:

Defendant is entitled to a two-level decrease in her offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct, and further provided she: (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after she signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility.

miscarriage of justice." *See id.* at 890–91.[3] Further, when interpreting the scope of the waiver, "[p]lea agreements will be strictly construed and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Id.* at 890.

Griego's plea agreement states, in relevant part:

> The Defendant hereby waives all defenses and her right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of her sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

---

[3]Griego does not dispute that her appeal waiver was knowing and voluntary. The transcript of change-of-plea hearing recounts the following exchange:

| THE COURT: | In your plea agreement it indicates that you have waived, which means you've given up, your right to appeal everything about your case. Except if I sentence you higher than your advisory guideline range you can appeal whether that was reasonable or not. Or if you think the court doesn't have jurisdiction over you or your case you can appeal whether there's jurisdiction. But you've given up your right to appeal everything else about your case. |
|---|---|
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Do you understand that? You have to say it again. |
| THE DEFENDANT: | Yes, ma'am. |

At her change-of-plea hearing, Griego testified that she understood the consequences of the appeal waiver. She argues, however, that "[n]othing in the plea agreement regarding acceptance of responsibility made it clear that she would also be denied the reduction" and that this denial "created an ambiguity within the plea agreement." We disagree. The plea agreement unambiguously stated that Griego would be given the acceptance-of-responsibility reduction only if she "testifie[d] truthfully during the change of plea hearing . . . [and] participate[d] truthfully with the Probation Office in the presentence investigation." She failed to comply with both of these conditions, and this failure—not any ambiguity in the agreement—triggered the denial of the offense-level reduction for acceptance of responsibility.

Considering the scope of the waiver itself, the agreement precludes appeals for all issues except for the lack of jurisdiction[4] or the imposition of an upward departure or variance. We have said that "[t]he denial of a reduction for acceptance of responsibility [is] not an upward departure" for the purpose of an appeal from a plea agreement, but merely "part of the court's calculations leading to the guideline range." *United States v. Winters*, 411 F.3d 967, 973 (8th Cir. 2005). Additionally, the denial of the acceptance-of-responsibility reduction in this case does not present a miscarriage of justice. *See United States v. Mousseau*, 517 F.3d 1044, 1048 (8th Cir. 2008); *see also Andis*, 333 F.3d at 891 ("[T]his exception is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid."). Thus, construing Griego's waiver narrowly, this appeal is nonetheless foreclosed by a plain reading of her plea agreement and by our caselaw.

Griego unambiguously waived her right to appeal the denial of an offense-level reduction for acceptance of responsibility. Therefore, we dismiss her appeal.

———————————————————

[4]Griego does not allege that the district court lacked jurisdiction.